# Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SUMTER<br><br>Justin Jones,<br><br>     Plaintiff,<br><br>v.<br><br>Eaton Corporation,<br><br>     Defendant. | IN THE COURT OF COMMON PLEAS<br>THIRD JUDICIAL CIRCUIT<br><br>CASE NO.: 2015-CP-43-2133<br><br><br><br>CERTIFICATE OF SERVICE |

The undersigned employee of J. Lewis Cromer & Associates, L.L.C., attorneys for the Plaintiff, does hereby certify that I have on this the 17th day of September, 2015, served a copy of the Civil Action Coversheet, Summons and Complaint in the above captioned action by mailing a copy of the same via United States Mail, certified mail, return receipt requested, postage pre-paid, to counsel as shown below:

*Certified Mail/Return Receipt Requested*     *Receipt #7013 2250 0002 3732 2593*

CT Corporation System
Registered Agent for Eaton Corporation
2 Office Park Court, Suite 103
Columbia, SC 29223

                      _____
                      Iris W. Ray
                      Litigation Paralegal

Columbia, South Carolina

1

COPY

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF SUMTER ) THIRD JUDICIAL CIRCUIT
)
RECORDED )
Justin Jones, ) C/A No.: 2015-CP-43-2133
2015 SEP 14 AM 10:52 Plaintiff, )
)
JAMES C. CAMPBELL )
CLERK OF COURT ) CIVIL ACTION COVERSHEET
SUMTER COUNTY, S.C. )
Eaton Corporation, )
)
Defendant. )

| | |
|---|---|
| Submitted By: Shannon Polvi, Esquire | SC Bar #: 101837 |
| Address: J. Lewis Cromer & Associates, L.L.C | Telephone #: 803-799-9530 |
| 1418 Laurel Street, Suite A (29201) | Fax #: 803-799-9533 |
| P.O. Box 11675 | Other: |
| Columbia, SC 29211-1675 | E-mail: spolvi@jlewiscromerlaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (*Check all that apply*)
☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☒ Other (699)—Gender Discrimination and Retaliation | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: /s/ _____    Date: September 9, 2015

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

You are required to take the following action(s):

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note:   You must comply with the Supreme Court Rules regarding ADR.
              Failure to do so may affect your case or may result in sanctions.

3:15-cv-04236-JMC   Date Filed 10/15/15   Entry Number 1-1   Page 5 of 12



STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

Justin Jones,

        Plaintiff,

v.

Eaton Corporation,

        Defendant.

IN THE COURT OF COMMON PLEAS
THIRD JUDICIAL CIRCUIT

CASE NO. : 2015-CP-43-2133

**SUMMONS**

RECORDED 2015 SEP 14 AM 10:52
JAMES C. CAMPBELL
CLERK OF COURT
SUMTER COUNTY, S.C.

**TO THE DEFENDANT ABOVE-NAMED:**

    **YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                       J. LEWIS CROMER & ASSOCIATES, L.L.C.

                                       BY: _____
                                       J. Lewis Cromer (SC Bar #1470)
                                       Shannon Polvi (SC Bar #101837)
                                       1418 Laurel Street, Suite A (29201)
                                       Post Office Box 11675
                                       Columbia, South Carolina 29211
                                       Phone  803-799-9530
                                       Fax     803-799-9533

                                       *Attorneys for Plaintiff*

September 9, 2015
Columbia, South Carolina



STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) THIRD JUDICIAL CIRCUIT
COUNTY OF SUMTER )
) CASE NO.: 2015-CP-43-2133
Justin Jones, )
)
Plaintiff, )
) COMPLAINT
v. ) (Jury Trial Demanded)
)
Eaton Corporation, )
)
Defendant. )

RECORDED 2015 SEP 14 AM 10:52 JAMES C. CAMPBELL CLERK OF COURT SUMTER COUNTY, S.C.

## EMPLOYMENT CASE

Plaintiff, complaining of Defendant herein, would respectfully allege as follows:

### PARTIES & JURISDICTION

1. Plaintiff, Justin Jones, ("Jones") is a citizen and resident of Kershaw County, South Carolina.

2. Defendant, Eaton Corporation, ("Eaton") is an industrial products manufacturer in the fluid power, industrial and commercial controls, automotive, and truck industries that operates in the State of South Carolina, does business in Sumter County, and has offices, agents, and employees in the State.

3. This action arises under Title VII of the 1964 Civil Rights Act, and amendments thereto, 42 U.S.C. 2000e *et seq.* ("Title VII").

4. Jones filed charges with the United States Equal Employment Opportunity Commission and the South Carolina Human Affairs Commission, received his Notice of Right to Sue, and this action is timely filed.

5. Eaton has a sufficient number of employees to be subject to liability under Title VII.

1

6. Venue is proper in this circuit because Jones was employed by Eaton in Sumter County and the majority of the acts giving rise to this action occurred in Sumter County.

## FACTUAL ALLEGATIONS

### Sexual Harassment

7. Jones, a male, faithfully served Eaton for more than three (3) years. Jones began his employment for Eaton as an Intern in June of 2011 and was a Switchboard Technician at the time of his termination on August 12, 2014.

8. Jones met or exceeded the expectations of his employer throughout his service with Eaton.

9. Over the course of more than a year Jones' supervisor, Kelvin McGraw ("McGraw"), pursued a relationship outside of the work environment. Jones originally thought McGraw's treatment towards him was of a mentoring nature.

10. Jones' working relationship with McGraw became exceedingly uncomfortable because McGraw began to send Jones explicit pictures of what appeared to be McGraw engaging in sex acts.

11. Jones told McGraw to stop sending the pictures.

12. Jones was constantly and continuously sexually harassed by McGraw. Such sexual harassment came in the form of unwanted sexual statements and actions.

13. McGraw also solicited pictures from Jones engaging in sex acts. Jones refused to send such pictures.

14. On numerous occasions, McGraw said he would pay Jones money if Jones made videos of sexual acts.

15. McGraw repeatedly requested information about Jones' romantic relationships and social activities.

16. Jones told McGraw about a woman he met the previous evening in an effort to show McGraw that he was romantically interested in women. Then, McGraw contacted the woman and sent a message to her claiming to be Jones' girlfriend. McGraw then threatened the woman and told her to stay away or "she" would cut the face of Jones' potential romantic partner.

17. Jones rebuffed McGraw's sexually inappropriate statements and actions.

18. Jones expressly told McGraw that such conduct was unwelcome.

19. McGraw did not end such offensive conduct even after Jones' repeated requests that he do so.

20. Jones reported McGraw for sexual harassment to Eaton Management and Human Resources.

21. McGraw was fired shortly thereafter.

22. McGraw continued to harass Jones after leaving the company.

23. While he was Jones' supervisor and while he was an employee of Eaton, McGraw had access to Jones' personal information including his Social Security number and some banking information. Jones discovered that McGraw had stolen funds from him. When Jones reported these additional occurrences to Eaton he was told that Eaton would do nothing since McGraw no longer worked for the company.

24. McGraw's actions caused Jones embarrassment, humiliation, fear, emotional distress, shame, and loss of reputation.

Retaliation

25. La' Tonya Porter ("Porter"), a close friend of McGraw, was McGraw's successor as Jones' direct supervisor.

26. Porter was aware of Jones' complaints against McGraw.

27. Porter held a grudge against Jones for reporting McGraw's conduct.

28. After Jones reported sexual harassment by McGraw, Jones was treated disparately by way of targeted and unfounded rebukes by Porter and other Eaton management.

29. On July 9, 2014, Jones was placed on a thirty (30) day Performance Improvement Plan (PIP).

30. On August 12, 2014, Jones was terminated by Detra Mardsi and Steve Catoe.

31. Jones' termination, his transfer to Porter's supervision, Jones' placement on a PIP, and his complaints about sexual harassment by McGraw are all temporally proximate to one another.

32. Due to the sexual harassment and retaliatory treatment, Jones has been under intense stress that has severely affected his sleep.

**FOR A FIRST CAUSE OF ACTION**
(Gender Discrimination; 42 U.S.C. § 2000e *et seq.*)

33. Where not inconsistent herewith, the foregoing are realleged paragraphs.

34. Jones is a male, and a former employee of Eaton.

35. Jones was sexually harassed by his direct supervisor, McGraw.

36. Jones was subjected to a hostile work environment due to pervasively offensive and psychologically intimidating actions by his supervisor such it affected Jones' conditions of employment and created an abusive working environment.

4

37. The sexually harassing conduct offended, humiliated, distressed, and harmed Jones. It further affected his ability to perform his job as usual and deprived Jones of his statutory right to a workplace free of discrimination.

38. The sexually harassing conduct occurred frequently over a significant period of time, was severe, and involved threats of violence.

39. Jones reported sexual harassment by his direct supervisor, McGraw, to Eaton.

40. Jones was terminated on the stated basis of not meeting all requirements.

41. However, at all times Jones performed his job aptly and the stated basis for his termination is pretext.

42. Eaton had knowledge of McGraw's sexual harassment of Jones, Jones' termination was motivated and/or based on his gender, and Eaton's conduct toward Jones was willful and wanton.

43. Further, Jones was subjected to hostile treatment on the basis of his gender.

44. Eaton has violated Jones' rights under Title VII of the Civil Rights Act and has directly and proximately caused his damages including: loss of salary and benefits, back pay, front pay, retirement benefits, medical and life insurance benefits, and other fringe benefits, as well as reputational loss and mental and emotional suffering. Further, Eaton's conduct was willful and wanton and Jones is entitled to punitive damages for the same. Jones also requests pre-judgment interest and attorney's fees and costs of this action.

## FOR A SECOND CAUSE OF ACTION
(Retaliation; 42 U.S.C. § 2000e *et seq.*)

45. Where not inconsistent herewith, Plaintiff realleges the foregoing paragraphs.

46. Jones engaged in protected activity when he complained that he was being sexually harassed by McGraw.

5

47. Jones had a positive record of employment with Eaton prior to his sexual harassment complaint. Following his protected activity, Eaton retaliated against Jones because of his protected activity by: placing Jones on a PIP, transferring Jones to Porter's supervision who is a good friend of Jones' harasser and who then targeted him for reprimands, and terminating Jones for allegedly not meeting all improvement criteria.

48. The reason Jones was given for his termination, not meeting all requirements, is pretextual and is disproportionate to the reprimands of other employees who did not engage in protected activities.

49. Eaton's conduct constitutes unlawful retaliation in violation of protected activities outlined in Title VII of the Civil Rights of 1964, for which it is liable.

50. For the retaliation alleged, Eaton is liable to Jones for: loss of salary and benefits, back pay, front pay, retirement benefits, medical and life insurance benefits, and other fringe benefits, as well as reputational loss and mental and emotional suffering, embarrassment, and humiliation. Further, Eaton's conduct was willful and wanton and Jones is entitled to punitive damages for the same. Jones also requests pre-judgment interest and attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for lost income, back pay, front pay, future earnings, retirement benefits, medical and life insurance benefits, and other fringe benefits, reputational loss, mental and emotional suffering, embarrassment, humiliation, and other compensatory damages in an amount to be determined by a jury as well as an award of punitive damages of the willful, intentional and malicious treatment given to him. Plaintiff is entitled to any equitable, compensatory, and punitive damages for the discrimination and

retaliation alleged in this action. Plaintiff last prays for attorney's fees and for costs, any such other relief as the Court may deem just and proper, and pre-judgment interest on all damages.

J. LEWIS CROMER & ASSOCIATES, L.L.C.

BY: _____
J. Lewis Cromer (SC Bar #1470)
Shannon Polvi (SC Bar #101837)
1418 Laurel Street, Suite A (29201)
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax    803-799-9533

*Attorneys for Plaintiff*

September 9, 2015
Columbia, South Carolina