**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Justin Jones, | CASE NO: 3:15-cv-04236-JMC-KDW |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO SEAL** |
| Eaton Corporation, | |
| Defendant. | |

Plaintiff Justin Jones ("Plaintiff"), by and through his undersigned counsel, filed on August 1, 2016, *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Spoliation of Evidence, or Alternatively, For Other Appropriate Sanctions* and *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*. Both responses are accompanied by Exhibits. Plaintiff respectfully requests this Court, pursuant to Local Civil Rule 5.03, DSC, and the November 19, 2015 Confidentiality Order[1], seal the text message Exhibits associated with Plaintiff's responses. Specifically, Plaintiff requests that "Exhibit 1" to *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Spoliation of Evidence, or Alternatively, For Other Appropriate Sanctions* and "Exhibit 1" to *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment* be sealed. Both Exhibits are the same documents and are designated as Exhibits in both *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Spoliation of Evidence, or Alternatively, For Other Appropriate Sanctions* and *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*.

---

[1] Dkt. No. 16.

1

## I. DOCUMENTS FOR WHICH SEALING IS REQUESTED

Plaintiff seeks to seal Exhibit 1 to *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Spoliation of Evidence, or Alternatively, For Other Appropriate Sanctions* and Exhibit 1 to *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*.

## II. REASONS SEALING IS NECESSARY

Plaintiff respectfully submits that the documents associated with the Exhibits containing text messages between Plaintiff and Kelvin McGraw consist of offensive content that should be filed under seal. The text messages include sexual content, nude photographs, offensive language, and topics unfit for publication to the public through the electronic filing system for the Court. In light of both parties' consent to the Confidentiality Order and both parties' interests that such documents be filed under seal, Plaintiff makes this request that such Exhibits be reviewed in camera.

Furthermore, as set forth in *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Spoliation of Evidence, or Alternatively, For Other Appropriate Sanctions* and *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*, the aforementioned exhibits are fundamental to the case at hand and are material and relevant evidence to Plaintiff's Title VII claims. Based on the foregoing, Plaintiff respectfully requests that the Court seal Exhibit 1 to *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Spoliation of Evidence, or Alternatively, For Other Appropriate Sanctions* and Exhibit 1 to *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*, respectively, as described above.

Plaintiff respectfully submits to the Court that the Exhibits being requested to be filed

under seal consist of documents produced by Plaintiff in the course of discovery. Thus, all of the documentation included in the Exhibits have been reviewed by both parties. Plaintiff's counsel and Defendant's counsel possess such documents. When filing the instant motion, Plaintiff mailed identical disks containing electronic copies of all text messages exchanged during discovery to the Court and to Defendant's counsel so that Defendant's counsel can adequately review the same as they relate to Plaintiff's responses filed on August 1, 2016.

In compliance with Local Civil Rule 5.03(B), DSC, requiring a "non-confidential, descriptive index of the documents at issue," the Exhibits described herein are described in the Index as offensive and explicit text messages between Plaintiff and Kelvin McGraw, Plaintiff's former supervisor and sexual harasser.

### III. LESS DRASTIC ALTERNATIVES WILL NOT AFFORD THE PARTIES ADEQUATE PROTECTION

There are no less drastic alternatives. As described above, Exhibit 1 to *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Spoliation of Evidence, or Alternatively, For Other Appropriate Sanctions* and Exhibit 1 to *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment* evidences McGraw's harassment of Plaintiff. Sealing the Exhibits is in the best interests of the parties and this Court. Additionally, the Exhibits serve absolutely no useful purpose to the public.

### IV. FACTORS GOVERNING SEALING OF DOCUMENTS IN THE CONTROLLING CASE LAW SUPPORT PLAINTIFF'S MOTION TO SEAL

Plaintiff's Motion to Seal is supported by Fourth Circuit case law. The Fourth Circuit has held that for a district court to seal court documents, the court must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual

findings supporting its decision to seal the documents and for rejecting the alternatives. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Each factor supports granting Plaintiff's Motion to Seal. Regarding the first prong of the Fourth Circuit's test, public notice of the request to seal has not yet been made as this Motion is only now being made to the Court. However, Plaintiff understands that the notice must be given. As to the second and third prongs of the Fourth Circuit's test, there are no less drastic alternatives considering the pervasive offensive content in the text messages.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully moves this Court to seal Exhibit 1 to *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Spoliation of Evidence, or Alternatively, For Other Appropriate Sanctions* and Exhibit 1 to *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*.

Plaintiff's undersigned counsel respectfully submits that she has complied with the applicable Local Civil Rules for filing the instant motion. Plaintiff's undersigned counsel also submits that, as required by the Local Civil Rules, she consulted with Cara Y. Crotty, Esquire, Defendant's legal counsel, prior to filing this motion.

(Signature block on the next page)

Respectfully submitted,

J. LEWIS CROMER & ASSOCIATES, L.L.C.

BY: s/Shannon Polvi
J. Lewis Cromer (#362)
Shannon Polvi (#11978)
1418 Laurel Street, Suite A (29201)
Post Office Box 11675
Columbia, SC 29211
Telephone: 803-799-9530
Fax: 803-799-9533

***Attorneys for Plaintiff***

Columbia, South Carolina
August 1, 2016