**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Justin Jones,<br><br>  Plaintiff,<br><br>vs.<br><br>Eaton Corporation,<br><br>  Defendant. | CASE NO: 3:15-cv-04236-JMC-KDW<br><br>**ORDER TO SEAL** |

This matter comes before the court on Plaintiff's Motion to Seal Exhibit 1 to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Spoliation of Evidence and Exhibit 1 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Exhibit 1"). ECF No. 41.[1] In support of this Motion, Plaintiff explains that "Exhibit 1" to both of her memoranda in opposition include the same documents—all text-message-related documents. Plaintiff submits that Exhibit 1 contains text messages sent between Plaintiff and his supervisor at Eaton, and include "sexual content, nude photographs, offensive language, and topics unfit for publication to the public through the [court's] electronic filing system." Pl.'s Mem. 2, ECF No. 41-1. Plaintiff submits that Exhibit 1 includes documents that are "material and relevant" to her Title VII claims of harassment based on a hostile work environment and retaliation based on a protected activity. *Id.*

In responding to Plaintiff's Motion to Seal, Defendant first argues the documents need not be sealed because the court need not consider the documents in ruling on Defendant's dispositive motions. Def. Resp. 1-2, ECF No. 46. Defendant submits "[t]here is nothing about

---

[1] *See* Def. Mot. Summ. J., ECF No. 36; Pl. Resp. to Mot. Summ. J., ECF No. 40; Def. Reply, ECF No. 44; and Def. Mot. Dismiss or for Sanctions Based on Spoliation ("Spoliation Mot."),

the substance of these text messages that is in dispute between the parties." *Id.* at 1. For example, Defendant indicates it is undisputed that Plaintiff's then-supervisor sent "offensive and inappropriate text messages of a sexual nature to Plaintiff during his employment at Eaton," and vice-versa. *Id.* at 2. For purposes of summary judgment, Defendant does not dispute the messages to Plaintiff were "unwelcome" or "severe and pervasive." *Id.*

In the event the court believes the messages relevant to the pending motions, however, Defendant agrees that they should be filed under seal "given their graphic and offensive nature." *Id.* However, in the event the 49 pages of text messages submitted by Plaintiff in response to Defendant's dispositive motions are to be considered by the court, Defendant has provided its own document-set of text messages. Def. Resp. 3 & ex. 1 thereto (88 pages of text messages bearing Bates stamp numbers Eaton 000056-000144). Plaintiff did not file a reply.

Defendant's request that Plaintiff's Exhibit 1 not be considered effectively seeks to have that exhibit stricken from the record; however, Defendant has not filed such a motion. In any event, it would be premature to make such an evidentiary ruling at this juncture based on the motions and briefing before the court. Without making a ruling on the relevance or admissibility of the set of text messages provided by Plaintiff, *see* ex. 1 to Pl. Resp. to Summ. J. and ex. 1 to this Motion to Seal, or the set provided by Defendant, *see* ex. 1 to Def. Resp. to Mot Seal, the court finds these documents are appropriately made a part of the court's record at this juncture.[2] The question remains as to whether these documents should be sealed or should be filed publically.

---

ECF No. 37; Pl. Resp. Spoliation Mot. ECF No. 39.

[2] Finding the documents at issue are to be part of the record is not intended to be an evidentiary ruling as to the admissibility of the documents.

Applicable law and the Local Rules of this court provide specific guidance regarding consideration of a motion to seal. *See* Local Civ. Rule 5.03 (D.S.C.) (setting out procedure to be followed in moving to seal documents filed with the court). In conducting its review, the court is guided by *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In that case, the Fourth Circuit found that "a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" (citing *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). The court's discretion notwithstanding, the court cannot ignore the presumption in favor of public access. *Ashcraft*, 218 F.3d at 302. Accordingly, in order to seal documents, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

The public-notice requirement has been satisfied by Plaintiff's electronic filing of the Motion to Seal, and Defendant's filing of its Response, both of which include a descriptive, non-confidential description of the documents they present to have filed under seal. ECF No. 41-2; EF No. 46-1. *See* Local Civ. Rule 5.03(D) (D.S.C.) (requiring provision of public notice of the motion to seal and finding the docketing of such a motion to satisfy that requirement). Plaintiff filed the motion on August 1, 2016; Defendant filed its response on August 16, 2016. The court has received no opposition from anyone (other than Defendant for the reasons noted above).

Regarding the remaining requirements, the court has reviewed the documents Plaintiff and Defendant have provided for sealing and finds that it is appropriate to grant Plaintiff's Motion. In conducting its review, the court considered less-drastic alternatives to sealing the

3

sexually-explicit messages attached as Exhibit 1 to Plaintiff's Responses in Opposition to Defendant's two pending dispositive motions and Defendant's set of messages provided as exhibit 1 to its response to the Motion to Seal, but finds no reasonable less-drastic alternative available. The documents sought to be filed under seal contain or consist of sexually-explicit text messages, some including pornographic photographs. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction.

The court, therefore, grants Plaintiff's Motion to Seal. ECF No. 41. Exhibit 1 to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss for Spoliation of Evidence (ECF No. 39-1) and to his Response in Opposition to Defendant's Motion for Summary Judgment (ECF No. 40-2) are to be filed under seal. Exhibit 1 to Defendant's Response to Motion to Seal (ECF No. 46-1) is also to be filed under seal.

IT IS SO ORDERED.

February 9, 2017              Kaymani D. West
Florence, South Carolina      United States Magistrate Judge